# EXHIBIT A

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 10-09<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov | See page 2 for instructions |
|---|---|---|
| ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.<br>☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.<br>☐ "X" if claiming other relief in addition to or in lieu of money or damages. | | TO: Any proper officer, BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint. |

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) C.G.S. §§ 51-346, 51-350<br>95 Washington Street, Hartford, CT 06103 | Telephone number of clerk (with area code)<br>(860) 548-2700 | Return Date (Must be a Tuesday)<br>AUGUST 30, 2011 |
|---|---|---|
| ☒ Judicial District   ☐ G.A.<br>☐ Housing Session   ☐ Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>Hartford | Case type code (See list on page 2)<br>Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Law Office of Joshua R.I. Cohen, LLC, 2074 Park Street, 2nd Floor, Hartford, CT 06106 | Juris number (to be entered by attorney only)<br>429059 |
|---|---|
| Telephone number (with area code)<br>(860) 233-0338 | Signature of Plaintiff (If self-represented) |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Jones, Marvine<br>Address: 40 East Morningside Drive, Hartford, CT 06112 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: GC Services Limited Partnership - Deleware, c/o registered agent: CT Corporation System<br>Address: One Corporate Center, Floor 11, Hartford, CT 06103 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:<br>Address:   ATTEST: A TRUE COPY<br>ROBERT E. CARLSON JR.<br>CT STATE MARSHAL | D-52 |
| Additional Defendant | Name:<br>Address:   HARTFORD COUNTY | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Joshua R.I. Cohen | Date signed<br>7/11/11 |
|---|---|---|---|

| If this Summons is signed by a Clerk:<br>a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
Joshua R.I. Cohen, 2074 Park Street, 2nd Floor, Hartford, CT 06106

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>7/11/11 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | | |
|---|---|---|
| RETURN DATE: AUGUST 30, 2011 | : | SUPERIOR COURT |
| MARVINE JONES | : | J.D. OF HARTFORD |
| v. | : | |
| GC SERVICES LIMITED PARTNERSHIP | : | JULY 11, 2011 |

## COMPLAINT

### FIRST COUNT – CONNECTICUT UNFAIR TRADE PRACTICES ACT

1. The Plaintiff, Marvine Jones, is a natural person residing in Hartford, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

2. The Defendant, GC Services, Limited Partnership ("GC Services"), is a Delaware Limited Partnership licensed by the Connecticut Department of Banking as a Consumer Collection Agency, is a private collection agency under contract with the Department of Education ("ED") to collect default student loans held by ED under the William D. Ford Direct Loan Program ("Direct Loan") or Federal Family Education Loan Program ("FFEL"), and is a debt collector as defined by FDCPA § 1692a(6).

3. A student loan is a consumer debt as defined by FDCPA § 1692a(5).

4. During the winter of 2010, GC Services contacted Plaintiff in an attempt to collect a default student loan held by ED.

5. GC Services stated that Plaintiff's Social Security Disability Income ("SSDI") would be offset if she failed to commit to a payment arrangement.

6. Plaintiff offered $20 a month.

7. GC Services stated that it would accept $20 a month but could not promise that it was enough to stop the potential SSDI offset.

8. On January 11, 2011, Plaintiff contacted GC Services to inquire about the rehabilitation program.

9. GC Services stated that a minimum payment of $172 was required and that even if she made these payments, her SSDI was likely to be offset.

10. Plaintiff asked if there was any way to lower the payment based on her financial circumstances to which GC Services replied that it could not lower the payment.

11. GC Services stated that so long as Plaintiff made her previously arranged payment of $20 a month, her loan would be cured in nine months because the loan was held by ED.

12. Plaintiff then contacted the Department of Education's Offset Unit ("Offset Unit") who explained that Plaintiff's SSDI would not be offset so long as she entered into an acceptable payment arrangement and GC Services notates her account of such arrangement.

13. Plaintiff made a payment of $20 in January and February of 2011.

14. In March of 2011, Plaintiff's SSDI was offset.

15. Plaintiff contacted the Offset Unit to ask why her SSDI was offset since she had entered into a repayment plan with GC Services.

16. The Offset Unit explained that Plaintiff was not in an acceptable payment arrangement since she was not rehabilitating her loan.

2

17. Plaintiff explained what GC Services had told her, that if she made $20 payments monthly for nine months it would be cured because the loan was held by ED.

18. The Offset Unit stated that there was no such program, that only rehabilitation would cure the loan through monthly payments.

19. The Offset Unit stated that it was possible to have rehabilitation payments of $20, but that Plaintiff would have to demonstrate hardship.

20. 20 U.S.C. § 1078-6(a)(1)(B), 34 C.F.R. § 685.211(f), and 34 C.F.R. § 682.405(b)(iii) require that the rehabilitation payments are to be reasonable and affordable based upon a review of the borrower's total financial circumstances.

21. 34 C.F.R. § 682.405(b)(iii)(B) specifically states that no minimum payment is required for rehabilitation.

22. On information and belief, GC Services bases its minimum rehabilitation repayment on ED's commission schedule, in complete disregard of the statutes, regulations, and guidance manuals provided by the Department of Education.

23. GC Services violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et. seq.* by requiring a minimum payment for rehabilitation and by misrepresenting that $20 a month was an acceptable repayment plan that would cure her loan, in violation of federal statutes and regulations.

24. GC Services' acts as described above were offensive to public policy, as well as unfair, immoral, unethical, oppressive and unscrupulous and such as to cause substantial injury to consumers.

25. Plaintiff has sustained an ascertainable loss as a result of GC Services' acts.

26. GC Services is liable to Plaintiff for these losses as well as, attorneys fees and costs and, in the discretion of the Court, punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

## SECOND COUNT – FRAUD

1-22.   Paragraphs 1-22 of the First Count are herein incorporated.

23. GC Services committed fraud by stating that a minimum payment was required to enroll in the rehabilitation program and that instead Plaintiff could make payments of $20 a month for nine months which would cure her loan simply because the loan was held by ED.

24. GC Services knew, or should have known, that there is no minimum payment required for rehabilitation and that Plaintiff's loan would not be cured simply by paying $20 a month for nine months when she was not enrolled in the rehabilitation program.

25. GC Services falsely told Plaintiff that minimum payments were required for the rehabilitation program and that instead she could cure her loan by making $20 monthly payments for nine months.

26. Plaintiff acted on reliance of GC Services' false statements and began making $20 monthly payments with the expectation that her loan would be cured after nine payments.

27. Plaintiff was harmed by GC Services' false statements because she spent money that did not get her any closer to curing her loan and she lost time in curing her loan which resulted in additional offset of her SSDI.

28. GC Services is liable to Plaintiff for actual damages as a result of its fraudulent conduct, as well as punitive damages, and attorneys fees and costs.

### THIRD COUNT – CIVIL THEFT

1-27. Paragraphs 1-27 of the Second Count are herein incorporated.

28. GC Services committed civil theft by falsely stating that a payment of $20 a month for nine months would cure Plaintiff's loan which resulted in GC Services wrongfully obtaining money for ED.

29. GC Services false statement was given with the intent to permanently deprive Plaintiff of her property, that being money, in order to satisfy GC Services' contractual obligation with ED.

30. For GC Services' violations, Plaintiff seeks treble damages pursuant to Conn. Gen. Stat. § 52-564.

### FOURTH COUNT – FAIR DEBT COLLECTION PRACTICES ACT

1-29. Paragraphs 1-29 of the Third Count are herein incorporated.

30. GC Services violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d, e, e(2)(A), e(10), and f by requiring a minimum payment for rehabilitation and by misrepresenting that a payment of $20 a month for nine months would cure Plaintiff's loan, in violation of federal statutes and regulations.

31. For GC Services' violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is seeks her actual damages, statutory damages, and attorney's fees and costs pursuant to the FDCPA.

WHEREFORE, the Plaintiff seeks:

1. Actual damages in an amount greater than $2,500;

2. Treble damages pursuant to Conn. Gen. Stat. § 52-564

3. Actual damages pursuant to 15 U.S.C. § 1692k;

4. Statutory damages of up to $1,000 pursuant to 15 U.S.C. § 1692k;

5. Attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

6. Monetary damages pursuant to Conn. Gen. Stat. §42-110g;

7. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

8. Attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g; and

9. Such other relief as may apply at law or at equity.


PLAINTIFF, MARVINE JONES

By: *[signature]*
Joshua RI Cohen
jcohen@TheStudentLoanLawyer.com
Law Office of Joshua R.I. Cohen, LLC
2074 Park Street, 2nd Floor
Hartford, CT 06106
Tel (860) 233-0338  Fax (860) 233-0339
Juris No. 429059

ATTEST: A TRUE COPY
ROBERT E. CARLSON JR.
CT STATE MARSHAL
HARTFORD COUNTY

6